## McDONALD v. LIGHTFOOT. (No. 7154.)

Court of Civil Appeals of Texas. Austin. Oct. 26, 1927.

Process ⬅➔166—Nonresident defendant, who signed citation waiver, thereby subjected himself to court's jurisdiction in lien foreclosure action so as to authorize personal judgment (Rev. St. 1925, arts. 2037, 2038, 2045).

Where, in an action seeking a personal judgment against a nonresident defendant on a note and foreclosure of plaintiff's lien, such defendant was not served with citation as provided by statute but was served with a nonresident's notice and copy of the petition as provided for in Rev. St. 1925, arts. 2037 and 2038, and thereafter, in another state, such defendant executed a written waiver of the issuance of citation, held that he had thereby submitted himself to the court's jurisdiction as provided by article 2045, so as to give the court authority to render a personal judgment against him.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by Maud W. McDonald against W. D. Lightfoot. From the judgment, plaintiff appeals. Reversed and rendered in part, and affirmed in part.

Cofer & Cofer, of Austin, for appellant.

BAUGH, J. Appellant sued appellee, a nonresident of Texas, on a vendor's lien note indorsed by him to her, seeking both a personal judgment against him and a foreclosure of her lien. The trial court rendered judgment in her favor for the amount of her debt and for foreclosure of her lien on the land involved, situated in Travis county, Tex., but denied her any personal judgment against appellee.

Appellee was not served with citation within the state, but was served with a nonresident notice with certified copy of plaintiff's petition attached, as provided for in articles 2037 and 2038, R. S., and thereafter, in addition thereto, executed a written waiver of the issuance of citation. The waiver was executed at Milwaukee, Wis.

The question here involved is whether or not, by his waiver of issuance of citation, the appellee has submitted himself to the jurisdiction of the Texas court so as to authorize a personal judgment against him. We have reached the conclusion that he did, and that the trial court erred in not so rendering his judgment.

The authorities in this country seem to be conflicting on this question, but the rule announced in 19 Ency. of Pleading and Practice, p. 702, seems to be sustained by the weight of authority. The rule as there announced is as follows:

"It is held by the weight of authority that an express written acknowledgment of service and waiver of further notice, in a jurisdiction other than that from which the process issued, will authorize the court to render judgment against the defendant upon his default, in the same manner as if the process had been duly served upon him within the jurisdiction. But the contrary view is held in some cases."

The holdings in most of the cases to the contrary seem to be based upon a construction of the wording of the statutes of the respective states, rather than out of harmony with the general rule as above announced. Construing the waiver of the issuance of citation in this case in the light of the language of the statute itself, brings the appellee in our opinion within the jurisdiction of the trial court. Article 2045, Revised Statutes of 1925, provides that the defendant may waive the issuance of process by a written memorandum filed among the papers of the cause, and that such waiver "shall have the same force and effect as if the citation had been issued and served as provided by law." It follows, of course, that the citation authorized could be legally served only within the state of Texas, and the defendant will be held to have executed the waiver with knowledge of the provisions of the law under which it was authorized. Had he been served with citation within the state, the court would have had jurisdiction to render personal judgment against him. Having waived its issuance under the statute, he bound himself in the same manner as if he had been so served within the state. He had already been served with a copy of plaintiff's petition, and knew that the Texas court had full jurisdiction to foreclose the lien and sell said land to satisfy the debt. It seems, then, that the only purpose he could have had in executing the waiver was to subject his person to the jurisdiction of the trial court.

To hold otherwise, under the facts of this case, would we think, as stated in Crain v. Griffis, 14 Tex. 362, "interpose unnecessary obstacles in the way of getting judgment against defendants who have no defense, and who refuse to appear and answer, in the hope of finding some flaw in the proceedings, by

which to reverse the judgment on error, and thus delay the plaintiff in the recovery of his just demands."

For the reasons stated, the judgment of the trial court, in so far as it denies appellant personal judgment against the appellee for the amount of the debt is reversed, and judgment here rendered in favor of appellant against appellee for the amount of the judgment as established by the trial court. In all other respects the trial court's judgment is affirmed.

Reversed and rendered in part, and in part affirmed.